UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RONALD PATTERSON,

Plaintiff,

v.

CCA a/k/a Corrections Corporation of America and John and Jane Does, AEDA, a/k/a Appleton Economic Development Authority, ESMA CORRECTIONAL CARE and John and Jane Doe(s) Medical Staff, and HOYT BRILL, Warden at Prairie Correctional Facility,

Defendants.

CIVIL NO. 01-259 (DSD/FLN)

ORDER

Plaintiff, an inmate at the Crowley County Correctional Facility in Olney Springs, Colorado, commenced this action on February 12, 2001, by filing a complaint with the Clerk of District Court. (Docket No. 1.) He is seeking damages for injuries that he allegedly sustained in 1998, while he was incarcerated at the Prairie Correctional Facility in Appleton, Minnesota. Plaintiff did not pay any filing fee for this action, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) That application is now before the Court.

Because Plaintiff is a prisoner, his IFP application is subject to the requirements set forth at 28 U.S.C. § 1915(b), which provides that:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court

FEB 26 2001
FILED ... DEPUTY CLERK

> fees required by law, an initial partial filing fee of 20 percent of the greater of--
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . .
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
> (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . .
>
> (4) In no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

(Emphasis added.)

According to this statute, prisoners who are granted IFP status are not excused from paying the court filing fee altogether, (as is the case for non-prisoner IFP litigants). Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. <u>Ashley v. Dilworth</u>, 147 F.3d 715, 716 (8th Cir. 1998) ("<u>[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full</u>, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time") (emphasis added). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the

remaining balance be paid in installments through regular deductions from the prisoner's trust account.

In the instant case, Plaintiff's IFP application includes information pertaining to his inmate trust account, (as required by § 1915(a)(2)), which shows that his average monthly deposit to that account during the preceding six-month period was $45.16.[1] While the exact amount of Plaintiff's average monthly balance during that same period is not readily apparent, it is evident that his monthly balance has been less than his average monthly deposits. Plaintiff's initial partial filing fee must therefore be computed on the basis of his average monthly deposits to his prisoner trust account during the past six months, (rather than the average monthly balance). See 28 U.S.C. § 1915(b)(1).

According to the statutory formula prescribed by § 1915(b)(1), (twenty percent of the greater of the trust account's average monthly deposit or average monthly balance), Plaintiff's initial partial filing fee is $9.03, ($45.16 x 20% = $9.03). Plaintiff will have to pay that amount to the Clerk of Court, pursuant to § 1915(b)(1), before this action can proceed any further. The remaining balance of the $150.00 filing fee will have to be paid in later installments. Jail officials will have to deduct funds from Plaintiff's trust account and submit such funds to the Court, as provided by § 1915(b)(2).

If the initial partial filing fee prescribed herein is paid within twenty (20) days after the date of this order, the case will be allowed to go forward. It should be noted,

---

[1] The financial records submitted with Plaintiff's IFP application indicate that the total of all deposits to his trust account for the period of August 1, 2000, through January 31, 2001, was $270.99, which is an average of $45.16 per month. ($270.99 ÷ 6 months = $45.16/month.)

however, that even if Plaintiff pays his initial partial filing fee in a timely manner, his complaint still will have to be "screened" pursuant to 28 U.S.C. § 1915A to determine whether he has pleaded a claim on which relief may be granted.[2] Only if Plaintiff's pleading survives such screening will the Court grant IFP status, and order that summonses be issued and the Defendants be served by the U.S. Marshal. If the initial partial filing fee is not paid within twenty (20) days, Plaintiff will be deemed to have abandoned this action, and it will be recommended that the case be dismissed without prejudice for lack of prosecution. Fed. R. Civ. P. 41(b).

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

Within twenty (20) days after the date hereof, Plaintiff shall pay an initial partial filing fee of not less than $9.03, failing which it will be recommended that the action be dismissed without prejudice.

Dated: February 23, 2001

FRANKLIN L. NOEL,
Chief Magistrate Judge

---

[2] Although Plaintiff's complaint has not yet been thoroughly examined, a cursory inspection of the file yields serious doubts about whether the action will survive initial screening. While Plaintiff's action purportedly is brought under 42 U.S.C. § 1983, the facts alleged in his complaint appear to support only negligence claims -- which are not actionable under § 1983. Davidson v. Cannon, 474 U.S. 344, 348 (1986). Furthermore, Plaintiff's claims appear to be based wholly on the doctrine of respondeat superior, which is not applicable in § 1983 cases. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). In light of the apparent defects in Plaintiff's pleading, he may want to consider whether it is advisable for him to invest $150 (from his apparently limited assets) to pursue this action.