UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RONALD PATTERSON,

Plaintiff,

v.

CCA a/k/a Corrections Corporation of America and John and Jane Does, AEDA, a/k/a Appleton Economic Development Authority, ESMA CORRECTIONAL CARE and John and Jane Doe(s) Medical Staff, and HOYT BRILL, Warden at Prairie Correctional Facility,

Defendants.

CIVIL NO. 01-259 (DSD/FLN)

REPORT AND RECOMMENDATION

This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees" (Docket No. 2), by which he is seeking leave to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied and that the action be dismissed without prejudice.

Plaintiff, a prisoner at the Crowley County Correctional Facility in Olney Springs, Colorado, commenced this action by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. § 1983." (Docket No. 1.) He did not tender the $150 filing fee with his pleading, (as required by 28 U.S.C. § 1914), but instead applied

FILED APR 09 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

for IFP status. The Court has determined, however, that Plaintiff cannot prosecute this case as an IFP litigant, without first paying the initial partial filing fee mandated by 28 U.S.C. § 1915(b)(1). The initial partial filing fee due in this case has been calculated to be $9.03. By order dated February 23, 2001, (Docket No. 3), Plaintiff was directed to pay his initial partial filing fee of $9.03 within twenty days. That order expressly warned Plaintiff that if he did not tender the required fee payment within the time allowed, the Court would recommend that this action be summarily dismissed, without prejudice, for lack of prosecution.

The Court-imposed deadline for paying the initial partial filing fee for this action has now expired, and Plaintiff has not tendered any payment. He also has not offered any explanation or excuse for his failure to comply with the Court's prior order.[1]

Therefore, based on the express warning regarding the consequences that would follow if Plaintiff failed to comply with the requirements of the Court's prior order in this matter, it is now recommended that Plaintiff be deemed to have abandoned this action and that the action be dismissed. Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders). See also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to submit financial information required by § 1915(a)(2) or initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has

---

[1] Plaintiff's only communication with the Court since the prior order was entered is a one-page document entitled "Mandatory Notice of Adjudicated Facts." (Docket No. 4.) That document is nothing more than a three sentence summary of Plaintiff's legal claims, and has no apparent relevance to the fee issue.

the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

It is further recommended that this action be dismissed without prejudice. However, if Plaintiff attempts to pursue his claims in the future -- by filing an entirely new lawsuit -- he will have to either pay the full filing fee prescribed by 28 U.S.C. § 1914, or comply with all of the requirements governing prisoner IFP applications, as set forth in 28 U.S.C. § 1915.[2]

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE.**

Dated: April 6, 2001

FRANKLIN L. NOEL
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

[2] As noted in the Court's order of February 23, 2001, (see fn. 2), if Plaintiff ever attempts to file another § 1983 lawsuit in federal court, he will also have to make sure that his complaint includes factual allegations showing how each named Defendant is alleged to have deliberately violated his federal constitutional rights.